IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN, and the CERAMIC TILE AND TERRAZZO LOCAL 21 B.A.C ANNUITY PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> ADEPT FLOORING, LLC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case #: 25 CV 13179 <br> ) <br> ) <br> ) CIVIL ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# C O M P L A I N T

Plaintiffs, the CHICAGO TILE INSTITUTE WELFARE PLAN, et al., by their attorneys, MICHAEL J. MCGUIRE and the law firm of MARCO, MCGUIRE & ARREOLA, LLC complain of the Defendant, ADEPT FLOORING, LLC and allege as follows:

## COUNT I – ERISA

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO TILE INSTITUTE WELFARE PLAN, the CHICAGO TILE INSTITUTE PENSION PLAN, and the CERAMIC TILE AND TERRAZZO LOCAL 21 B.A.C ANNUITY PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 21. (hereinafter referred to as the "Union").

3. The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

4. The Trust Funds are administered at 660 N. Industrial Drive, Suite 102, Elmhurst, Illinois, 60126 and venue is proper in the Northern District of Illinois.

5. The Defendant is an employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement the Union. **(Exhibit A)**. The Memorandum of Agreement binds the Defendant to the terms of the Trust Agreements which created the Trust Funds.

6. The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

7. The CBA and Trust Agreements require the Defendant to periodically submit its books and records to an auditor chosen by the Plaintiffs so that a fringe benefit compliance audit may be completed to ensure that the appropriate fringe benefits are being paid by the Defendant.

8. The CBA and Trust Agreements provide that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees, and other reasonable costs incurred in the collection process.

9 The Defendant breached the provisions of the CBA and Trust Agreements by failing to submit timely reports and contributions for the months of April 2025 to the present.

10. The Defendant breached the provisions of the CBA and Trust Agreements by failing to submit its books and records to the Plaintiffs' auditor so that a fringe benefit audit can take place.

11. As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages:

    a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

    b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

    c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

    A. That the Defendant be ordered to submit contributions and reports for the months of April 2025 forward.

    B. The Defendant be ordered to submit its books and records to the Plaintiffs so that a fringe benefit compliance audit may be completed.

    C. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

    D. That the Defendant be ordered to pay interest or liquidated damages on any amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

    E. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

    F. That Plaintiffs have such other and further relief as the Court deems just and equitable.

BY:   /s/ Michael J. McGuire
        Michael J. McGuire

Michael J. McGuire
ARDC#: 6290180
Marco, McGuire, & Arreola, LLC
1s443 Summit Ave., Suite 207
Oakbrook Terrace, IL 60181
(872) 206-8173
mmcguire@mma.law